# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES BARRIENTES,            )
                             )
            Petitioner,      )
                             )
       v.                    )       1:11CV252
                             )
MICHAEL HARDEE,              )
                             )
            Respondent.      )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with the $5.00 filing fee. For the following reason, the Petition cannot be further processed.

1. Petitioner has failed to indicate that state court remedies have been exhausted as required by 28 U.S.C. § 2254(b). This Court cannot grant relief on habeas claims unless Petitioner first exhausts his state court remedies as to the claims he wishes to raise. Petitioner appears to claim that he has never pursued his claims in any manner in the state courts. (Docket Entry 1, §§ 8, 10.) Petitioner states that he did not pursue a direct appeal because his attorney advised him that an appeal "would not do [him] any good." (*Id*. § 12, Ground Two (b).) This explains why Petitioner did not raise his claims in a direct appeal, but does not explain why he did not file a motion for appropriate relief or some other form of collateral review in the state courts. He must raise his claims in the state courts before bringing them here.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, after he has exhausted his state court remedies. The Court has no authority to toll the statute of

limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to return Petitioner's filing fee and to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to return Petitioner's filing fee and to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition once he has exhausted his state court remedies.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 7, 2011